# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

| | |
|---|---|
| **United States of America,** | Criminal No. 5:17-40-KKC-2 |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **Jessica R. Acosta,** | |
| Defendant. | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Jessica R. Acosta's motion requesting relief under 18 U.S.C. § 3582(c)(1)(A)(i). Acosta pleaded guilty to violations of 21 U.S.C. § 841(a)(1) for possession with intent to distribute various illegal drugs, and a violation of 18 U.S.C. § 924(d)(1) for possession of a firearm in furtherance of drug trafficking. She was sentenced to a total term of 180 months on February 7, 2018, which she is currently serving at FCI Dublin, and her projected release date is November 25, 2022.

Acosta has moved the Court to modify her sentence pursuant to § 3582(c)(1)(A)(i), which provides for what is commonly referred to as "compassionate release." In support of her motion, Acosta argues that she should be released due to the incapacitation of her mother, who is the primary caregiver of Acosta's two minor children. While Acosta correctly contends that incapacitation of a family member caregiver can be grounds for compassionate release, she has failed to exhaust her administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Therefore, Acosta's motion [DE 199] must be dismissed without prejudice.

## ANALYSIS

Generally, a federal court is prohibited from modifying a term of imprisonment once it has been imposed. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)). However, that general rule does have a few exceptions, one of which is § 3582(c)(1)(A)'s compassionate release provision. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Section 3582(c)(1)(A) allows a request for compassionate release to be brought to a court through a motion filed by the Director of the Bureau of Prisons (BOP), or through a motion filed by an inmate if: (a) the inmate fully exhausts their administrative remedies, or (b) the inmate submits a request for compassionate release to the warden of their facility and the warden fails act within thirty days of receiving the request.

The administrative exhaustion requirement is a threshold matter the Court must consider before it can grant a motion for compassionate release. Section 3582(c)(1)(A) allows such a motion to be brought by a defendant in just two circumstances: "(1) after exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The occurrence of one of those two events is a mandatory condition, and if properly invoked by the government, the Court must enforce it. *Alam*, 960 F.3d at 833–34. In either circumstance, a defendant must first submit a request for reduction in sentence to the BOP. *See* 18 U.S.C. § 3582(c)(1)(A) (authorizing a court to modify a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . .").

Here, the government contends that Acosta has not exhausted her administrative remedies because she has not first submitted a request for compassionate release to the BOP. In its response to Acosta's motion, the government states "[t]here are no [BOP] records of Acosta filing [a request for compassionate release] with the Warden of the prison where

she is housed" and that "[t]he BoP has advised [the government] that Acosta has not submitted a reduction in sentence." [DE 203, at 2.] Acosta's motion does not state that she filed a request with the BOP, and she has provided no evidence that she has complied with the administrative exhaustion requirement.

Acosta has failed to show that she has fulfilled § 3582(c)(1)(A)'s exhaustion requirement. *United States v. Pineda-Cabellero*, No. 5:06-cr-197-JMH-2, 2021 WL 3022687, at *1 (E.D. Ky. July 15, 2021) (holding that "defendants have the burden of demonstrating that they have exhausted all administrative remedies"). The administrative exhaustion requirement is a mandatory claims processing rule, and because it has been properly invoked by the government, the Court cannot grant Acosta's motion for compassionate release. *See Alam*, 960 F.3d at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)) ("When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'").

Because Acosta has failed to exhaust her administrative remedies, the Court will not address the other requirements for compassionate release at this time. *United States v. Owens*, No. 5:19-CR-00025-TBR-3, 2021 WL 5310906, at *2 (W.D. Ky. Nov. 15, 2021) (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## CONCLUSION

Accordingly, for the reasons stated in this opinion and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Jessica R. Acosta's motion for compassionate release [DE 199] is **DISMISSED WITHOUT PREJUDICE**.

Dated November 30th, 2021.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY